**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy Lamont PRETTYMAN, a.k.a. Roy Lamont Daily, a.k.a. Roy Daily Prettyman, Defendant–Appellant.**

No. 16–50313

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

NOVEMBER 17, 2017

L. Ashley Aull, Benjamin Lichtman, Assistant U.S., DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Richard A. Levy, Esquire, Torrance, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and GRABER, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## MEMORANDUM **

Roy Lamont Prettyman appeals from the district court's judgment and challenges the 33–month sentence imposed following his guilty-plea conviction for counterfeiting obligations of the United States, in violation of 18 U.S.C. § 471. We have jurisdiction under 28 U.S.C. § 1291.

Prettyman contends that the district court violated Rule 43 of the Federal Rules of Criminal Procedure, as well as his constitutional rights to due process and to be present at sentencing, by sentencing him in absentia. The government argues that this appeal is barred by the appeal waiver contained in the parties' plea agreement. We review de novo. *See United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). The district court did not clearly err when it found that Prettyman was voluntarily absent from the sentencing hearing and, therefore, the court did not abuse its discretion when it sentenced Prettyman in absentia. *See United States v. Ornelas*, 828 F.3d 1018, 1021 (9th Cir. 2016). We, therefore, affirm with respect to the procedure used to impose the sentence. Because Prettyman's sentence was not unlawful, we dismiss pursuant to the valid appeal waiver. *See id.* at 1023.

Prettyman's motion to take judicial notice of a document showing his arrest by the Los Angeles County Sheriff's Department is denied because that arrest is irrelevant to the issues on appeal.

**AFFIRMED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.